# Richmond

## DR. E. C. BRYCE V. MARIE E. GILLESPIE.*

March 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Chinn, JJ.

*Since this opinion was written we have noticed in the March, 1933, issue of the Journal of the American Bar Association an interesting article entitled "Review of Recent Activities to Eliminate Lay Encroachments," by Mr. John R. Snively, a member of the bar of Rockford, Illinois.

The opinion states the case.

*Tucker, Bronson & Mays* and *McQuire, Riely & Eggleston,* for the plaintiff in error.

*Thomas A. Williams* and *L. C. O'Connor,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Samuel A. Pusey, trading as Pusey Company, a collection agency, duly authorized by Dr. E. C. Bryce, caused to

be issued a civil warrant for the sum of $46 against Marie E. Gillespie, returnable to the Civil Justice Court, Part II, of the city of Richmond. At the hearing the defendant moved to dismiss the case because Samuel A. Pusey was not a licensed attorney, was not regularly employed by Dr. E. C. Bryce, and had no property interest in the claim. This motion was sustained. On appeal to the Law and Equity Court of the city of Richmond, Part Two, the judgment of the civil justice was sustained and the case dismissed. From that judgment this writ of error was allowed.

The plaintiff concedes that the action of the trial court was in strict conformity with the express provisions of Code, section 6022, as amended by the Acts of 1930, ch. 261 (see footnote "a"), and chapter 415 of the Acts of 1924 (see footnote "b"), but contends that the latter act is void because it violates sections 1 and 11 of the Virginia Constitution and the Fourteenth Amendment to the Constitution of the United States.

The 1924 act provides that, except duly licensed attorneys, (1) no person, firm or corporation having no property interest in the matter in controversy shall represent another in any of the courts of the Commonwealth; (2) that no

---

(a) "However, if it appear that any civil warrant was issued at the instance of or on behalf of any person, firm or corporation prohibited by an act of the General Assembly of Virginia, approved March twenty-first, nineteen hundred and twenty-four, chapter four hundred and fifteen, from representing such claims before a justice, it shall be the duty of the justice to forthwith dismiss such warrant at the cost of the plaintiff but without prejudice to the plaintiff thereafter to properly prosecute his claim; * * *"

(b) "1. Be it enacted by the General Assembly of Virginia, That it shall be unlawful for any person, firm or corporation, not being an attorney at law duly authorized to practice in this Commonwealth, to represent the claim or cause of any other person, firm or corporation before any magistrate, civil or police justice, civil justice court, or any other court now existing or which may hereafter be created, unless the said person, firm or corporation so appearing has a property interest in said claim or cause; and it shall be unlawful for any person, firm or corporation to assign to any other person, firm or corporation, any claim or cause, or any interest in any claim or cause, for the purpose of having the said claim or cause, or any interest therein represented before any of the courts above mentioned by any person, firm or corporation, not attorneys at law; and it shall

person, firm or corporation shall assign to another any claim, or any interest therein, for the purpose of having such assignee represent the claim in any court; (3) that no person, firm or corporation shall accept an assignment of any claim, or any interest therein, for the purpose of representing such claim in court.

The plaintiff concedes that the above provisions are fully within the legislative power to adopt, but contends that the act is void because the following parties are exempt from its operation; (1) any person, firm or corporation may represent his or its claim in any court of the Commonwealth; (2) any person, firm or corporation may be represented by any employee who is engaged regularly on a salary basis; and (3) any real estate agent may represent the landlord in claims for rent on property regularly listed with him.

The classification permitting representation of another in courts of record is based upon property interest or personal fitness—that is, only a duly licensed attorney is permitted to represent another in court, except that where two or more persons have a property interest in the subject of litigation any one of them may represent the other in-

also be unlawful for any person, firm or corporation to accept an assignment of any claim or cause, or any interest in any claim or cause, from any other person, firm or corporation for the purpose of representing it or them before any of the courts above mentioned in violation of this act.

"2. Nothing in this act shall be construed to prevent any person, firm or corporation from representing his or their claim or cause before any of the courts of this Commonwealth, or from preventing any person, firm or corporation from having his or their regularly employed agent or employee from appearing before any of the courts of this Commonwealth to represent said person, firm or corporation where such agent or employee, so appearing, is regularly employed on a salary basis; nor shall this act apply to any real estate agent in the collection of rents on property regularly listed with him by the owners; provided, that nothing in this act shall be construed as authorizing the practice of law by persons, firms or corporations not duly licensed as attorneys at law.

"3. Any person, firm or corporation violating any of the provisions of this act shall be deemed guilty of misdemeanor, and shall be fined not less than fifty dollars nor more than five hundred dollars, and each violation shall constitute a separate offense hereunder."

terested parties. No objection is urged against these classifications, but the contention is that because the same classification, or some other based upon knowledge of law or personal fitness, was not extended to the inferior courts, the entire act is void.

Proceedings in a magistrate or civil justice court are informal and in a great many cases the claims are uncontested, and usually no specially trained or skilled advocate is required. By far the greater part of modern business is conducted through regularly engaged employees. To have required all claims growing out of such transactions to be represented in the inferior courts by attorneys or the owners themselves would have been a harsh restriction and an unnecessary burden on claims arising from such transactions. Within recent years the jurisdiction of civil justice courts in the cities and trial justice courts in many of the counties has been considerably broadened. Many such courts have been given jurisdiction in actions *ex contractu* involving $1,000, and include claims for injury to the person as well as property damage. In view of these developments and the enlarged jurisdiction of the inferior courts it is not surprising that in the exercise of its broad powers under the public welfare clause the legislature has undertaken to regulate the representation of others in these tribunals. There is no question of the power of the legislature to pass reasonable rules and regulations governing the conduct of litigation and representation in these courts. The only question before the court is whether the act, within the sphere of its operation, affects alike all persons similarly situated, both in the privileges conferred and the liabilities imposed.

The attack on the constitutionality of the act is concentrated on the distinction, or classification, which is made between an employer who pays his employee a salary and one who pays another commissions for services performed. In other words, it is claimed that there are two favored classes—*i. e.,* an employer who pays an employee on a

salary basis and the employee thus paid—and two classes which are discriminated against—*i. e.,* the employer who pays his employee a commission, or on a piece basis, and the employee so paid.

The distinctions are more hypothetical than practical. All persons, whether employer or employee, have the same right to appear in any of the courts in their own behalf. The employer who pays his employee a salary has, to a large extent, control of his activities and may designate what duties he is to perform. Such employer has purchased the time of his employee during the hours of employment and has a right, within limitations, to dispose of that time as he sees fit. An employer who pays a commission for services performed usually has no control over the time of such employee or the hours of his employment.

If a traveling salesman is paid a commission on the sale of merchandise, or other commodity, he has a property interest in all accounts due for the articles sold by him, and hence he has the same right to appear before the courts to enforce the collection of such accounts as any other interested party. Where different parties have a property right in the subject matter of litigation the act does not forbid any one of such parties from representing any or all other interested parties.

An employer who pays an employee by the piece has no legal right to control the time of such employee except when working on the particular article for which he has agreed to pay him. Therefore, if such employer directed such employee to take time to attend court he would not be paying for that time and it would be a mere gratuity on the part of such employee unless he was paid for such appearance, in which case he would be engaged in the practice of law for compensation, which is prohibited by Code section 3422 (as amended by laws 1922, ch. 389, p. 654). If an employee is paid a commission for services performed for his employer and has no interest in the claim on which the employer desires to institute action the employer has

no legal right, under the usual contract of such employment, to request such employee to take the necessary time to appear for him. The institution of an action and the appearance in court of such employee for his employer would be a mere gratuity, as he could not accept compensation therefor unless he was an attorney.

No person has a legal right to control the time of another or direct how his time shall be used unless he agrees, directly or indirectly, to pay the other therefor. The statute provides that an employer who regularly pays for the use of another's time may be represented in the courts by such person for whose time he has paid, but that all other representations (with the exception noted) in the courts of this Commonwealth shall be by duly licensed and qualified attorneys.

"The rules by which classification for the purpose of legislation must be tested are stated concisely and clearly in the opinion of the United States Supreme Court in *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160, as follows: '(1) The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. (2) A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. (3) When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. (4) One who assails the classification of such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' " *Polglaise* v. *Commonwealth,* 114 Va. 850, 76 S. E. 897, 901.

■■ The right of a party to appear in his own behalf and be heard in the courts is fundamental. It is an inalienable right common to all, guaranteed both by the Constitution of the State and the Constitution of the United States. The right to have some one else appear and speak for one, or the right of such other to appear in the courts as a representative of a litigant is not an inalienable right. To represent another in the courts is not a right but a privilege, to be granted and regulated by law for the protection of the public.

The act denies to no person, firm or corporation the right to institute and conduct litigation by which such parties are personally affected or in which they have a property interest; it denies to no person, firm or corporation the right to be represented by an employee regularly engaged and paid a salary; it denies to no person, firm or corporation who has a property interest in the subject of litigation, the right to represent other parties having a property right in the same subject matter. Under this last clause, a real estate agent who is engaged in the collection of rents on property listed with him would seem to be entitled to represent the owner in litigation over such matter, whether such agent was expressly excepted from the operation of the statute or not, because under the terms of his agreement with the owner he has a property interest in the rents to become due.

The act denies to all persons, firms or corporations the privilege to assign to another any claim or interest therein for the purpose of giving to the assignee the right to represent such claim in any court; it denies to all persons, firms or corporations the privilege of accepting such assignment for the purpose of representing such claim in court. No person, firm or corporation is permitted to employ a special agent, other than a duly licensed attorney, to institute and conduct litigation for him; no person, firm or corporation is permitted to be represented before the courts by an em-

ployee temporarily engaged, whether such employee is paid a salary or otherwise.

It is a matter of common knowledge that in recent years there has developed a form of business designated collection agencies. The tendency of some of these agencies is to engage in the practice of law. That is, they not only advise creditors and claimants of their legal rights but frequently, especially in the inferior courts, appear for them. The ethics of the legal profession prevent its members from soliciting business. There is no such restraint upon these collection agencies. On the contrary, they actively solicit claims for collection and numerous claims of doubtful value; stale demands and debts barred by the statute of limitation are thus obtained by them. The owners have so little faith in the merits of these demands that they are unwilling to employ an attorney to institute action or to spend any of their own time or that of their paid employees to present these demands before the civil justice, or other court. Some of these collection agencies are willing to take a gambling chance and institute and conduct proceedings thereon. Thus frequently litigations with little or no merit are instituted. The dockets of the courts are crowded with these stale demands, the time of the courts is unnecessarily expended thereon, and people of limited means who can little afford the expense of a law suit are unnecessarily harassed.

No reasonable objection can be made to honest collection agencies which operate within legitimate bounds, but such agencies are usually composed of laymen who are not qualified to give legal advice or to conduct litigation in any of the courts. The regulations in question were intended to confine the institution and conducting of litigation in the courts of record to interested parties, or skilled advocates for them, and to confine the institution and conducting of litigation in the inferior courts to interested parties or their regular agents, whose time and activities they have a legal right to control. By this act, the legislature has to a large extent removed inducements for outside parties to stir up

litigation. While in actual practice the regulations may in some instances result in hardship or inequality, we cannot say that they are arbitrary or that the classification does not rest upon a reasonable basis.

The legislative department has the power to determine, within reasonable limits, what public convenience and public welfare require. The wisdom of its legislation is not the concern of the courts. It is the duty of the courts to sustain the constitutionality of an act in all doubtful cases. An act is not invalid if within the sphere of its operation all persons subject to it are "treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed." *Hayes* v. *Missouri*, 120 U. S. 68, 7 S. Ct. 350, 352, 30 L. Ed. 578; *Truax* v. *Corrigan*, 257 U. S. 312, 333, 42 S. Ct. 124, 66 L. Ed. 254, 27 A. L. R. 375. The act in question conforms to this principle. The 1930 amendment to Code section 6022 is simply an effective means of enforcing the provisions of the act. See footnote "a."

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

EPES, J., dissenting.