## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Rountree Corporation

v.

Chester V. Evans


Peoples Finance Service
of Richmond, Inc.

v.

Marie Turner

March 31, 1967

Cases No. A-9258 and A-9263

By JUDGE A. CHRISTIAN COMPTON

Attached you will find copies of the orders entered today granting judgment in favor of the plaintiffs in each of the above cases.

These matters are before the Court on appeal from the orders of dismissal entered in the Civil Justice Court of the City of Richmond, Part Two. As you of course know, Mr. Morton L. Wallerstein has appeared in the Rountree case as amicus curiae for The Retail Merchants Association of Richmond, Virginia, Inc., and Messrs. Howard W. Dobbins and William A. Young, Jr., have appeared for the plaintiffs, having limited their appearance to the presentation of the law in each case. The defendants are in default having made no appearance in the Court below or here.

The merits of each case raise no real problem in view of the default of the respective defendants. Each case was dismissed below upon the Court's motion by order entered on the return day of each warrant because, as the record in the Rountree case shows, the warrant was "based on a memorandum prepared on behalf of a corporation by one of its employees not licensed to practice law, in violation of Rule I for Integration of the Virginia State Bar." The able and respected judge of the court below states his reasons for so holding in a letter to counsel dated August 24, 1966, a copy of which letter is incorporated by reference in the Order of Dismissal in the Peoples Finance file.

The narrow issue to be decided is whether or not a regular *bona fide* employee of a business, incorporated or otherwise, may properly obtain the issuance of a civil warrant in a court not of record, give testimony as to facts and figures and have a judgment rendered by the trial judge as a matter of course without being engaged in the unauthorized practice of law. This issue must be decided in the affirmative.

As can be anticipated, there is abundant authority throughout this country as to the nature of the acts which constitute the practice of law. 7 Am. Jur. 2d, *Attorneys at Law*, Section 73 et seq.; 111 A.L.R. 19; 125 A.L.R. 1173; 151 A.L.R. 781; 2 A.L.R.3d 724. The search for the answer to the issue presented need not extend beyond Virginia, however, because the solution is found in our statutes, Rules and the cases decided thereunder. Furthermore, we are assisted by opinions of the Attorney General of Virginia and by advisory opinions of the Unauthorized Practice of Law Committee of the Virginia State Bar.

In 1938, pursuant to legislative authorization now found in Code Section 54-48, the Supreme Court of Appeals adopted and promulgated The Rules for the Integration of the Virginia State Bar and defined the practice of law. 205 Va. 1011. This definition was formulated against the background of Chapter 415 of the Acts of 1924 (Section 3426a, Code 1930) which prohibited persons other than attorneys from representing claims of other persons before a court and provided, in part, that:

Nothing in this act shall be construed to prevent any person, firm or corporation from representing his or their claim or cause before any of the courts of this Commonwealth, or from preventing any person, firm or corporation from *having his or their regularly employed agent or employee from appearing before any of the courts of this Commonwealth* to represent said person, firm or corporation *where such agent or employee, so appearing, is regularly employed on a salary basis.* (Italics added.)

The repeal of this act was approved on March 15, 1938, (Acts 1938, p. 213) and by Act approved by the Legislature on April 1, 1938, the attorneys of this State were integrated into the Virginia State Bar (Acts 1938, p. 771). On October 21, 1938, the Rules for the Integration of the Virginia State Bar were promulgated which included the definition now under consideration. This was the first official attempt to formulate an all-inclusive definition of the practice of law. *Commonwealth* v. *Jones & Robins, Inc.,* 186 Va. 30, 33 (1947). Prior to this time, the Court of Appeals had been called upon to declare certain acts or practices as constituting the unlawful practice of law. *Richmond Assoc. of Credit Men* v. *Bar Ass'n.,* 167 Va. 327 (1937); *Norfolk and Portsmouth Bar Ass'n.* v. *Drewry,* 161 Va. 833 (1934); *Bryce* v. *Gillespie,* 160 Va. 137 (1933). The *Jones & Robins* case, *supra,* describes the careful consideration given to the language of the definition by the drafting committee composed of forty experienced attorneys representing all sections of the State, "many of whom have been studying the integration of the Bar for a number of years." 186 Va. 40. As a part of this consideration, the drafters of the definition were certainly mindful that the proceedings in those courts which are now designated courts not of record of this State were informal and in a great many cases the claims are uncontested. As was stated in the *Bryce* case, *supra,* at page 141:

By far the greater part of modern business is conducted through regularly engaged employees. To have required all claims growing out of such transactions to be represented in the

inferior courts by attorneys or the owners themselves would have been a harsh restriction, and an unnecessary burden on claims arising from such transactions.

It was against the above background as it related to the courts not of record that the definition was drawn. While there were sweeping changes with respect to these courts not of record made by the 1954 General Assembly which culminated in the enactment of Title 16.1 of the Code effective July 1, 1956, the important place which these courts occupy in our judicial structure as the "people's courts" has not changed over the years. One important consideration which is kept clearly in view by these courts is their traditional accessibility to people who desire to prosecute their claims in that forum. At the same time these courts are mindful of their duty to protect society from the abuses resulting from the actions of those who practice law without being properly trained and licensed.

Having set the stage with the background of the definition as it relates to courts not of record, the pertinent provisions of the Rule as it relates to the issue here presented is as follows:

Generally, the relation of attorney and client exists, and one is deemed to be practicing law, whenever he furnishes to another advice or service under circumstances which imply his possession and use of legal knowledge or skill.

Specifically, the relation of attorney and client exists, and one is deemed to be practicing law, whenever. . .

(2) One, other than as a regular employee acting for his employer, undertakes, with or without compensation, to prepare for another legal instruments of any character, other than notices or contracts incident to the regular course of conducting a licensed business.

(3) One undertakes, with or without compensation, to represent the interest of another before any tribunal, judicial, administrative, or executive, otherwise than in the presentation

of facts, figures, or factual conclusions, as distinguished from legal conclusions, by an employee regularly and *bona fide* employed on a salary basis, or by one specially employed as an expert in respect to such facts and figures when such presentation by such employee or expert does not involve the examination of witnesses or preparation of pleadings. 205 Va. 1012.

Clearly the definition excepts from those deemed to be practicing law persons who are regular, *bona fide* and salaried employees of the litigant who appear in the court not of record solely to present facts, figures and factual conclusions as distinguished from conclusions of law. There seems to be no real issue as to this subject of the right to make the *appearance* as stated above.

The crux of the problem involves the *securing of the warrant,* that act which precedes the above stated appearance. In the opinion of the court below the execution of a memorandum upon which the preparation of the warrant is based requires a knowledge of law and requires the exercise of judgment based upon such knowledge and Section 2 of the definition "does not authorize the preparation of any legal instrument other than a notice or contract incident to the regular course of the business." Furthermore, it was held that this provision does not authorize the preparation of the memorandum in question by the lay employee.

The definition and statutes when considered with the traditional purpose of these lower courts compel the conclusion that the securing of the warrant under the circumstances here set out does not involve the practice of law. In the first place, no "legal instrument" or pleading is necessary in order to furnish the information required by the statute for the institution of the suit. The civil action may be brought by a warrant when the required memorandum is filed with the clerk. Code Sections 16.1-79 and 16.1-86. Section 8-46.1 requires that the plaintiff merely "furnish to the clerk or other issuing officer in writing with particularity the full name and last known address of each defendant and if unable to furnish such name and address he shall furnish such salient facts as are calculated to identify with reasonable certainty such defendant." Nothing else, except

the payment of the fee, is required by the statutes for the issuance of the warrant. The Civil Justice Court has wisely encouraged the use of the printed memorandum and the warrant is issued based on that information. The form has blank spaces available so that the claimant may supply: the names of the parties to the suit; the amount claimed due; the date from which interest is claimed; the name of the court; the return date desired; the names and addresses of the parties sued; the signature of the person requesting the warrant; whether he be "plaintiff, agent for plaintiff or attorney for plaintiff"; and the "nature of action." This information may be furnished to the clerk by a letter as is often done. It could not be successfully argued that a letter is a "legal instrument" or pleading and likewise neither is a completed printed memorandum (which is not required by statute). Therefore the regular, *bona fide*, salaried lay employees of the respective plaintiffs in these cases are not prohibited by Section 2 of the definition from the preparation of a memorandum of the type involved in these cases because it is not a legal instrument. In view of this conclusion relating to Section 2 it is not necessary to discuss another point which could be raised thereunder, that is, even assuming a memorandum is an instrument requiring a knowledge of law to properly complete, may a lay employee prepare such a writing when acting solely for his employer under the circumstances of these cases?

The second phase of this question concerning the issuance of the warrant is whether these lay employees are furnishing "to another advice or service under circumstances which imply his possession and use of legal knowledge or skill." It was pointed out by the lower court that certain decisions must be made as to form of action, proper style of the case, venue of the action and amount of suit, which decisions require an understanding of the law and the exercise of judgment. The answer to this position is also found in the fact that the completion of a memorandum, whether it be on a printed form or otherwise, is a mere clerical act and is a means of furnishing information to the clerk in order that he may draw the warrant. The clerk may properly assist a litigant as to these matters of pure form without being engaged in furnishing legal advice without authority. Furthermore, Code Section 16.1-93 provides, in part, that:

> No warrant. . . shall be dismissed by reason of a mere defect, irregularity or omission . . . in the form of the pleading when the same may be corrected by an order of the court. The court may direct such proceedings and enter such orders as may be necessary to correct any such defects, irregularities and omissions, and to bring about a trial of the merits of the controversy and promote substantial justice to all parties.

This statute serves to point up again the idea that a knowledge of law is not necessary or required in order to start an action in the lower court because it seems to encourage the trial judge to correct these minor defects if substantial justice can result to all parties. Since such legal training is not required, it then follows that one who undertakes to prepare the memorandum for the warrant is not engaged in the practice of law in so doing. This is particularly true here when Section 3 of the definition exempts from those deemed to be practicing law one who undertakes "to represent the interest of another. . . in the presentation of facts, figures or factual conclusions" when such interest is represented in this way "by an employee regularly and *bona fide* employed on a salary basis." To represent the interest of the employer, the employee must obtain the issuance of the warrant. When applied to courts not of record, the rule would be impractical indeed which would require a business to employ an attorney solely to prepare a memorandum but which would allow a lay employee to represent his employer in the presentation of facts, figures and factual conclusions in support of the warrant based on such memorandum.

Finally, the precise issue raised here has been the subject of consideration and opinions by the Attorney General of Virginia and The Committee on the Unauthorized Practice of Law of the Virginia State Bar and the same conclusions as here were reached. Opinion dated June 13, 1966, found in Opinions of the Attorney General, 1966, at page 30; Opinions of UPL Committee No. 28 dated May 9, 1957, and found in 1965 Virginia State Bar, opin-

ions, at page 262. Opinion 28 was considered again by the UPL Committee on June 9, 1966, and it was not changed.

In summary this Court holds that a regular, *bona fide*, salaried lay employee, acting for his employer only, may properly secure a civil warrant by furnishing a memorandum therefor; present facts, figures and factual conclusions; and, have a judgment rendered by the trial judge as a matter of course without being engaged in the unauthorized practice of law.