COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present:   Judges Kelsey, Petty and Senior Judge Annunziata
Argued at Chesapeake, Virginia


DARLENE ISHAYA BAMAIYI

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1524-12-1                      JUDGE WILLIAM G. PETTY
                                                    MAY 7, 2013

VIRGINIA BOARD OF NURSING


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Robert Luther III (James J. Knicely; Knicely & Associates, P.C., on
briefs), for appellant.

Howard M. Casway, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, Attorney General; Rita W. Beale, Deputy Attorney
General; Allyson K. Tysinger, Senior Assistant Attorney General, on
brief), for appellee.


Darlene Ishaya Bamaiyi appeals a decision of the circuit court, which affirmed the

decision of the Virginia Board of Nursing (the Board), denying her application to be a Certified

Nurse Aide (CNA).  Bamaiyi assigns the following errors to the circuit court's decision:  (1) the

circuit court erred in upholding the Board's regulations, which denied Bamaiyi certification by

reinstatement, because the regulations create an unconstitutional classification resulting in the

disparate treatment of Bamaiyi without a rational basis, and the regulations create an

unconstitutional irrebuttable presumption; (2) the circuit court erred in affirming the Board's

refusal to certify Bamaiyi by endorsement because neither the plain language of Code

§ 54.1-3024 nor 18 Va. Admin. Code § 90-25-72 excludes certification by endorsement simply

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

because the applicant was previously certified in Virginia, and certification by reinstatement is not the exclusive means for licensure for CNAs previously certified in Virginia; (3) the circuit court erred in affirming the Board's denial of certification by endorsement in the absence of any statute or regulation withholding such certification from persons previously certified in Virginia, thereby creating a "special regulation" applied only against Bamaiyi, which denied Bamaiyi equal protection of the law under the Virginia Constitution and the United States Constitution; and (4) the circuit court erred in affirming the Board's orders when the findings of fact and conclusions of law, which denied Bamaiyi reinstatement and endorsement, failed to contradict the factual record presented by Bamaiyi that she satisfied the requirements for certification by reinstatement under 18 Va. Admin. Code § 90-25-80 and for certification by endorsement under Code § 54.1-3024. For the reasons expressed below, we disagree. Accordingly, we affirm the circuit court's decision.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. On March 16, 1996, Bamaiyi[1] was issued a Virginia Nurse Aide Certificate. Although the record is not entirely clear on the exact date, at some point in 2002 Bamaiyi was notified by the Board that she was being investigated for occurrences of neglect and misappropriation of property. When her certification came up for renewal in March 2002, Bamaiyi chose not to renew it and it therefore expired on March 31, 2002. Subsequently, in an order dated August 15, 2002, the Board issued Bamaiyi a reprimand based upon findings of

---

[1] At that time, Bamaiyi's name was Darlene Bond Battle.

multiple occurrences of neglect and a finding of misappropriation of a patient's property. The findings were entered in the Virginia Nurse Aide Registry. Because of these findings, Bamaiyi was prohibited from employment as a CNA in any long-term care facility that receives Medicare or Medicaid reimbursement. Bamaiyi did not appeal the order, and it became final in accordance with Code § 54.1-2400(10). Bamaiyi then moved to North Carolina. On December 2, 2004, Bamaiyi was placed on the North Carolina Nurse Aide I registry based on her passing of the North Carolina Nurse Aide I examination. Bamaiyi's North Carolina certification remains in good standing.[2]

From March 2010 to May 2010, Bamaiyi corresponded with the Board asking that her certification be reinstated or, in the alternative, that she be certified by endorsement based on her North Carolina certification. The Board informed Bamaiyi that she could not be reinstated because of the findings of neglect and misappropriation of patient property on her record. The Board further informed Bamaiyi that she was not eligible for certification by endorsement because she had previously been a CNA in Virginia.

On June 17, 2010, Bamaiyi submitted a petition to the Board seeking removal of the finding of neglect on her record. On June 21, 2010, Bamaiyi submitted an application for reinstatement of her certification as a nurse aide. Following a formal hearing, the Board issued an order on December 14, 2010 denying Bamaiyi's reinstatement application and petition to remove the prior finding of neglect. The Board found that under 18 Va. Admin. Code § 90-25-80(B)(2), "'a[n] individual who has previously had a finding of abuse, neglect or

---

[2] On brief, the Commonwealth points out that Bamaiyi may have improperly obtained her nurse aide certification in North Carolina. The record does not indicate whether Bamaiyi's findings of neglect and misappropriation of patient property were transferred to her North Carolina certification. While we note that Bamaiyi obtained her North Carolina certification under the name of Darlene Bond Hoggard, we presume that the North Carolina certification was properly issued.

misappropriation of property is not eligible for reinstatement of her certification except as provided in 18 Va. Admin. Code § 90-25-81,[3] of the Regulations." The Board further found that Bamaiyi was not eligible for the exception in 18 Va. Admin. Code § 90-25-81 because the August 15, 2002 order was based upon multiple occurrences of neglect and a finding of misappropriation of patient property. Bamaiyi timely filed a petition for appeal in the circuit court.

On April 27, 2011, Bamaiyi submitted an application for certification by endorsement to the Board, based on her North Carolina nurse aide certification. Following a formal hearing, the Board issued an order on June 6, 2011 denying Bamaiyi's application for certification by endorsement. The Board found that Bamaiyi was ineligible for certification by endorsement because she was previously a CNA in Virginia with findings of neglect and misappropriation of patient property, which constituted grounds for denial under Code § 54.1-3007(8).[4] Bamaiyi timely filed a petition for appeal in the circuit court.

The circuit court consolidated Bamaiyi's appeals. Following a hearing on May 31, 2012, the circuit court denied Bamaiyi's consolidated petitions for appeal and held as follows:

> Appellant failed to demonstrate an error of law subject to review in that the Board's decision regarding the denial of her reinstatement application was in conformity with her constitutional rights, there being no evidence that the Appellant was treated differently from other similarly situated individuals as a result of the findings of neglect and of misappropriation of a client's property contained in the Board's August 15, 2002 Order.
> The Court further finds that during the reinstatement application hearing, the Board acted in conformity with statutory

---

[3] "If a finding of neglect was made against a certificate holder based on a single occurrence, an individual may petition for removal of the finding of neglect . . . ." 18 Va. Admin. Code § 90-25-81(A).

[4] A certificate may be denied for findings of "[a]buse, negligent practice, or misappropriation of a patient's or resident's property." Code § 54.1-3007(8).

authority and required procedure as there was no evidence in the record that the presiding officer prejudged the matter or that that the Board had improperly found that the August 15, 2002 Order contained multiple findings of neglect in addition to a misappropriation of a client's property.

Lastly, the Court finds that the Board properly denied the Appellant's certification by endorsement application based upon her ineligibility due to the prior multiple findings of neglect and of misappropriation of a client's property set forth in the August 15, 2002 Order.

This appeal follows.

II.

A.  Standard of Review

The Virginia Administrative Process Act ("VAPA") authorizes judicial review of agency decisions.  See Code § 2.2-4027.  "'Judicial review of an agency decision is limited to determining 1. [w]hether the agency acted in accordance with law; 2. [w]hether the agency made a procedural error which was not harmless error; and 3. [w]hether the agency had sufficient evidential support for its findings of fact.'"  Va. Marine Res. Comm'n v. Chiconteague Inn, 61 Va. App. 371, 378-79, 735 S.E.2d 702, 706 (2013) (alteration in original) (quoting Commonwealth ex rel. Va. State Water Control Bd. v. Blue Ridge Envtl. Def. League, 56 Va. App. 469, 480, 694 S.E.2d 290, 296 (2010)).

On factual issues, we must determine "'whether substantial evidence exists in the agency record to support the agency's decision.  The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'"  John Doe v. Virginia Bd. of Dentistry, 52 Va. App. 166, 175, 662 S.E.2d 99, 103 (2008) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)).  On questions of law, however,

> "where the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts[, and] . . . 'judicial interference is permissible only for relief against arbitrary or capricious action that constitutes a clear abuse of delegated discretion.'"

Evelyn v. Commonwealth, 46 Va. App. 618, 624, 621 S.E.2d 130, 133 (2005) (alteration in original) (quoting Johnston-Willis, 6 Va. App. at 244, 369 S.E.2d at 8).

Nevertheless, we "do not defer to an agency's interpretation '[i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have special competence, i.e., the common law or constitutional law.'" Chiconteague Inn, 61 Va. App. at 379, 735 S.E.2d at 707 (alteration in original) (quoting Blue Ridge Envtl. Def. League, 56 Va. App. at 481, 694 S.E.2d at 296).

> "[W]here the issue involves a legal determination or statutory interpretation, this Court does a *de novo* review, especially if the statutory language is clear. We are required to construe the law as it is written. An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute. When an agency's statutory interpretation conflicts with the language of the statute or when the interpretation has not been consistently and regularly applied, the usual deference to an agency's interpretation should be withheld."

Id. (alteration in original) (quoting Blue Ridge Envtl. Def. League, 56 Va. App. at 481-82, 694 S.E.2d at 296-97).

### B. Certification of Nurse Aides

As a preliminary matter, and before delving into Bamaiyi's assignments of error, we first look to the regulatory purpose of Virginia's nurse aide certification process as set out in Article 4, Chapter 30 of Title 54.1 of the Code of Virginia.

- 6 -

Federal law mandates that Virginia "establish and maintain a registry" of nurse aides. See 42 U.S.C. § 1396r (2011); see also 42 C.F.R. § 483.156 (2011). The purpose of this registry is to ensure that each facility which receives Medicare or Medicaid funds meets specified health and safety requirements. See 42 C.F.R. § 483.1 (2011). To comply with the federal law registry mandate, the General Assembly enacted Code § 54.1-3005(8), which requires the Board to "certify and maintain a registry of all certified nurse aides and to promulgate regulations consistent with federal law and regulation." Pursuant to statutory authority, the Board promulgated regulations that are consistent with federal law and regulations. Those regulations, as analyzed below, operate to prevent Bamaiyi's admission as a certified nurse aide in Virginia.

The General Assembly did not create the nurse aide registry to provide general certification and licensure to anyone who practices as a nurse aide in Virginia. In fact, certification is not required to practice as a nurse aide in a facility that does not receive Medicare or Medicaid payments. See Code § 54.1-3027 ("This article shall not be construed to affect or apply to [a] person for hire who does not represent himself as or hold himself out to the public as a certified nurse aide."). Instead, the designation "certified nurse aide" and the nurse aide registry were created solely to comply with federal law and regulations. The purpose of the federal law and regulations is to ensure that persons with findings of neglect or misappropriation of patient property do not practice in Medicare or Medicaid funded facilities. See 42 C.F.R. § 483.13 (2011) ("The facility must . . . not employ individuals who have . . . had a finding entered into the State nurse aide registry concerning abuse, neglect, mistreatment of residents or misappropriation of their property . . . ."). Thus, Bamaiyi is free to practice as a nurse aide. She is not, however, allowed to use the title certified nurse aide or practice in Medicare or Medicaid facilities because federal and state law and regulations prevent her from doing so.

C.  Assignment of Error One

In her brief, Bamaiyi divides her first assignment of error into two arguments.  Bamaiyi first argues that the circuit court erred in upholding the Board's regulations because they create a classification system that treats Bamaiyi differently than other similarly situated nurse aide certificate holders; therefore, the regulations, and the Board's application of them to Bamaiyi, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  Bamaiyi next argues that the Board's regulations, and their application to Bamaiyi, create an irrebuttable presumption that she is not competent to practice as a CNA; therefore, Bamaiyi is denied due process of law under both the United States Constitution and Virginia Constitution.  We disagree.

1.  Equal Protection

Bamaiyi challenges the constitutionality of the Board's regulations[5] on equal protection grounds.  Bamaiyi argues that the Board's regulations create two classifications.  The first classification is comprised of nurse aides with findings of neglect or misappropriation on their

---

[5] Specifically, Bamaiyi challenges 18 Va. Admin. Code §§ 90-25-80 and 90-25-81.  "An individual who has previously had a finding of abuse, neglect or misappropriation of property is not eligible for reinstatement of his certification except as provided in 18 Va. Admin. Code § 90-25-81."  18 Va. Admin. Code § 90-25-80.

> A. If a finding of neglect was made against a certificate holder based on a single occurrence, an individual may petition for removal of the finding of neglect provided:
>
> 1. A period of at least one year has passed since the finding was made; and
>
> 2. The individual seeking reinstatement demonstrates sufficient evidence that employment and personal history do not reflect a pattern of abusive behavior or neglect.

18 Va. Admin. Code § 90-25-81.

record, but whose certifications have not been suspended or revoked, that are allowed to continuing practicing in Virginia as long as they pay their certification renewal fee. The second classification—the one into which Bamaiyi argues that she falls—is comprised of nurse aides with findings of neglect or misappropriation on their record that fail to pay the certification renewal fee and whose certifications have lapsed. Bamaiyi argues that she is similarly situated to the first class and is treated differently in violation of the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides, in relevant part, that "[n]o state shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Supreme Court has "held that '[t]his proscription guarantees that classes or persons will be given the same protection as like classes or persons. It does not require similar treatment of persons not similarly situated.'" Copeland v. Todd, 282 Va. 183, 201, 715 S.E.2d 11, 21 (2011) (quoting Carter v. Carter, 232 Va. 166, 170, 349 S.E.2d 95, 97 (1986)).

Thus, the key to the analysis in this case is whether Bamaiyi is similarly situated to fully-certified nurse aides, with findings of neglect or misappropriation of patient property on their record, that have not allowed their certifications to lapse. We hold that Bamaiyi is not similarly situated.

Bamaiyi's similarly-situated analysis is focused on an incorrect classification scheme. Bamaiyi's analysis heavily focuses on whether the person applying for certification by reinstatement has a finding of neglect or misappropriation of patient property on their record. Indeed, Bamaiyi argues that

> the Board permits Virginia CNAs with findings of abuse, neglect, or misappropriation, but whose certifications are otherwise in good standing and renewed, to continue to practice as CNAs, but bars

for life persons like Ms. Bamaiyi, with findings of neglect, whose certification is not renewed by payment of a renewal fee.[6]

The proper focus is whether the person has renewed his certification. The regulations, admittedly, create two classes: those that are certified and those that are not certified. In reality, every statute or regulation creates two similar classifications: the haves and the have-nots.

Bamaiyi decided not to renew her certification. The regulations did not force Bamaiyi to allow her certification to lapse. Instead, Bamaiyi, after the findings of neglect and misappropriation of patient property were placed on her record, decided to let her certification lapse by not paying the renewal fee. Bamaiyi's decision placed her in the class of persons who are not certified nurse aides in Virginia. Within this, Bamaiyi falls into the subclass of people who were previously certified but allowed their certification to lapse. Bamaiyi is not, however, similarly situated to the class of persons who are certified nurse aides.

If a person falls within the subclass of persons who have allowed their certification to lapse, then he must apply for certification by reinstatement. Bamaiyi applied for certification by reinstatement. Unfortunately, Bamaiyi had multiple findings of neglect and a finding of misappropriation of patient property on her record. In accordance with 18 Va. Admin. Code § 90-25-80, Bamaiyi was not eligible for certification by reinstatement. The important consideration is whether Bamaiyi was treated similarly to other nurse aides who have allowed their certifications to lapse. See Barrett v. Va. State Bar, 277 Va. 412, 416, 675 S.E.2d 827, 830 (2009) (holding that in an equal protection challenge "[t]he important consideration is whether a lawyer whose license to practice has been suspended is treated like other lawyers whose licenses

---

[6] This argument is factually incorrect. Once the Board issues a finding of neglect or misappropriation, the affected CNA is removed from the nurse aide registry and is, therefore, no longer allowed to be employed by any facility receiving Medicare or Medicaid reimbursements. As that employment is the sole purpose of the CNA certification, it is difficult to comprehend how the Board permits that person to "continue to practice as [a] CNA."

have been suspended"). Bamaiyi was accorded the same process as other nurse aides who allowed their certifications to lapse. That process requires a nurse aide to apply for certification by reinstatement. There is nothing in the record to indicate that Bamaiyi was treated differently than similarly situated nurse aides seeking reinstatement by certification. Accordingly, we hold that there was no Equal Protection Clause violation.

### 2. Due Process

Bamaiyi next challenges the constitutionality of the Board's regulation on due process grounds. Specifically, Bamaiyi argues that 18 Va. Admin. Code § 90-25-80(B)(2) creates an irrebuttable presumption that she is not competent to practice as a CNA.

"The Due Process Clauses of the Federal and Virginia Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law." Parker v. Commonwealth, 42 Va. App. 358, 383, 592 S.E.2d 358, 371 (2004) (citing U.S. Const. amend. XIV, § 1; Va. Const. art. I, § 11). Procedural due process, which Bamaiyi's argument invokes, "'guarantees a litigant the right to reasonable notice and a meaningful opportunity to be heard.'" Id. (quoting Etheridge v. Med. Ctr. Hosp., 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989)). But "[t]his particular guarantee does not create a constitutionally protected interest; instead, the purpose of the guarantee is to provide procedural safeguards against a government's arbitrary deprivation of certain interests." Id. With this in mind, "the rule 'guarantees that a person shall have reasonable notice and opportunity to be heard *before any binding order can be made affecting the person's rights to liberty or property*.'" Id. (quoting McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995)).

Bamaiyi was afforded due process in this case. Bamaiyi's argument is based solely upon the findings of neglect and finding of misappropriation of patient property that were placed on her record in 2002. 42 C.F.R. § 483.156(c)(iv) requires the Board to afford a CNA due process before a finding of neglect or misappropriation is placed on her record.[7] Bamaiyi was given reasonable notice of the 2002 hearing. Bamaiyi was given a meaningful opportunity to be heard in the 2002 hearing. Bamaiyi had the right to appeal the 2002 order pursuant to Code § 2.2-4026 and Part Two A of the Rules of the Supreme Court. Bamaiyi did not appear at the 2002 hearing. Bamaiyi did not appeal the 2002 order. Bamaiyi cannot, almost eleven years later, collaterally attack the 2002 order in the guise of a due process argument.

18 Va. Admin. Code § 90-25-80 does not create an irrebuttable presumption that violates Bamaiyi's due process rights. 18 Va. Admin. Code § 90-25-80(B)(2) provides that "[a]n individual who has previously had a finding of abuse, neglect, or misappropriation of property is not eligible for reinstatement of his certification, except as provided in 18 Va. Admin. Code § 90-25-81." 18 Va. Admin. Code § 90-25-81 does not provide relief for Bamaiyi because she

_____

[7] 42 C.F.R. § 483.156(c)(iv) provides in pertinent part regarding

> information on any finding by the State survey agency of abuse, neglect, or misappropriation of property by the individual: (A) Documentation of the State's investigation, including the nature of the allegation and the evidence that led the State to conclude that the allegation was valid; (B) The date of the hearing, if the individual chose to have one, and its outcome; and (C) A statement by the individual disputing the allegation, if he or she chooses to make one; and (D) This information must be included in the registry within 10 working days of the finding and must remain in the registry permanently, unless the finding was made in error, the individual was found not guilty in a court of law, or the State is notified of the individual's death. (2) The registry must remove entries for individuals who have performed no nursing or nursing-related services for a period of 24 consecutive months, unless the individual's registry entry includes documented findings of abuse, neglect, or misappropriation of property.

has multiple findings of neglect and a finding of misappropriation of patient property on her record. These regulations do not combine to create an irrebuttable presumption of incompetence to practice as a CNA. Instead, they operate in conjunction to prevent those with previously adjudicated findings of abuse, neglect, or misappropriation of property from appearing on the nurse aide registry and, therefore, from working in a federally-funded institution. The question is not one of incompetence, as Bamaiyi argues. It is a question of moral fitness to practice. The Board has determined that those persons with multiple findings of abuse, neglect, or misappropriation of patient property—and that are not currently certified—are unfit to be reinstated. We will not second-guess the Board's determination. Accordingly, we hold that there was no due process violation.

### D. Assignments of Error Two and Three

Bamaiyi next argues that the circuit court erred in affirming the Board's failure to issue her a certificate by endorsement, pursuant to Code § 54.1-3024 and 18 Va. Admin. Code § 90-25-72, which violated her due process and equal protection rights. We disagree.

Bamaiyi argues that the Board erred in denying her certification by endorsement application because she held a North Carolina nurse aide certificate. Bamaiyi argues that neither Code § 54.1-3024 nor 18 Va. Admin. Code § 90-25-72 contains language that prevents a person who was previously certified in Virginia from obtaining certification by endorsement. In advancing her argument, Bamaiyi ignores the plain language of Code § 54.1-3024 and 18 Va. Admin. Code § 90-25-72.

Code § 54.1-3024(3) requires that an applicant "[h]as not committed any act of omission that would be grounds for discipline or denial of certification under this article." 18 Va. Admin. Code § 90-25-72(3) requires that an applicant "[b]e currently registered in another state, with no

finding of abuse, neglect or misappropriation of property."  Notwithstanding these provisions, the Board's statutory authority also authorizes it to refuse to issue a certification for "[a]buse, negligent practice, or misappropriation of a patient's or resident's property."  Code § 54.1-3007.

As stated earlier, Bamaiyi had findings of neglect and a finding of misappropriation of patient property on her record.  Bamaiyi, however, essentially argues that her certification in North Carolina wipes her record clean; therefore, she should be allowed to be certified by endorsement.  This would completely undermine the statutory certification scheme and the Board's regulations.  Bamaiyi's findings of neglect and finding of misappropriation of patient property contained in the 2002 order constitute a violation of Code §§ 54.1-3007, -3024(3), and 18 Va. Admin. Code § 90-25-72.  Therefore, the Board was well within its statutory authority to deny Bamaiyi's certification by endorsement application.

Nevertheless, Bamaiyi argues that the Board's refusal to grant her certification by endorsement is a special rule or regulation created for her and applied only to her, and, therefore, her due process and equal protection rights were violated.

"An act is not invalid if within the sphere of its operation all persons subject to it are 'treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed.'"  Barrett, 277 Va. at 414, 675 S.E.2d at 829 (quoting Bryce v. Gillespie, 160 Va. 137, 146, 168 S.E. 653, 656 (1933)).  In her brief, Bamaiyi acknowledges that the Board's statutes and regulations are "most decidedly . . . applicable to *all* applicants, without exception, whether or not previously certified in Virginia."  Bamaiyi is correct.  The Board's statutes and regulations are applied to all persons seeking certification.  Bamaiyi, like everyone else seeking certification by endorsement, is subject to the Board's statutes and regulations.  But Bamaiyi is incorrect in arguing that the Board created a special rule just for her.  In fact, Bamaiyi

does not claim that she is being treated unlike other nurse aides seeking certification by endorsement who have findings of neglect and misappropriation of patient property on their records. Accordingly, we reject Bamaiyi's argument that the Board's statutes and regulations violate her due process and equal protection rights and hold that the trial court did not err in affirming the Board's ruling.

### E. Assignment of Error Four

Bamaiyi next argues that the circuit court erred in affirming the Board's orders when the findings of fact and conclusions of law, which denied Bamaiyi reinstatement and endorsement, failed to contradict the factual record presented by Bamaiyi that she satisfied the requirements for certification by reinstatement under 18 Va. Admin. Code § 90-25-80 and for certification by endorsement under Code § 54.1-3024. We disagree.

Bamaiyi argues that the Board's findings of fact were insufficient to deny her reinstatement and endorsement applications. The Board's denial of Bamaiyi's applications was predicated upon the 2002 order, which reprimanded Bamaiyi for multiple instances of neglect and a finding of misappropriation of patient property. In its December 14, 2010 order, the Board denied Bamaiyi's certification by reinstatement application because of the findings of neglect and finding of misappropriation of patient property. In its June 6, 2011 order, the Board denied Bamaiyi's certification by endorsement application because of the findings of neglect and finding of misappropriation of patient property. As mentioned earlier, such findings preclude both certification by reinstatement and certification by endorsement. Accordingly, we hold that the circuit court did not err in affirming the Board's orders based on the evidence before it.

### III.

For the foregoing reasons, we affirm the circuit court's decision.

Affirmed.

Kelsey, J., concurring.

I concur in all respects with Judge Petty's careful and thorough opinion. I write separately only to underscore the fallacious premise underlying Bamaiyi's case.

Bamaiyi wants her CNA certification back. But she concedes that, under federal law, she cannot work in any Medicare or Medicaid funded facility because she "had a finding entered into the [Virginia] nurse aide registry concerning abuse, neglect, mistreatment of residents or misappropriation of their property." 42 C.F.R. § 483.13(c)(1)(ii)(B); see also Oral Argument Audio at 8:05 to 8:28. The whole point of the statutory CNA certification, however, is to license nurse aides to work in Medicare and Medicaid funded facilities.

In short, Bamaiyi seeks a judicial order directing the Virginia Board of Nursing to issue to her a certification specifically created to authorize work that she cannot now lawfully perform. I do not understand the logic, much less the legal merit, of this argument.