COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Chaney
Argued at Richmond, Virginia

SHAMILA Q. BESLOW, ET AL.

                                                        MEMORANDUM OPINION[*] BY

v.      Record No. 1740-24-2                JUDGE DANIEL E. ORTIZ
                                                          DECEMBER 16, 2025

YASSHA JASON

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

Timothy A. Richard (John P. O'Herron; Shana Gertner, Guardian ad
litem for the minor child[1]; ThompsonMcMullan, P.C.; The Law
Offices of Shana Gertner, PLLC, on briefs), for appellants.

Yassha Jason, *pro se*.

Vernon and Shamila Beslow, husband and wife, appeal the trial court's denial of their

petition for Shamila to adopt Vernon's minor child. Below, the trial court prohibited the

Beslows, who proceeded *pro se*, from objecting to evidence at the adoption hearing. The

Beslows argue that the trial court's prohibition of their objections, based on their

self-representation, was error, and one that requires reversal. We agree.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Appellee's request to strike the guardian ad litem's letter filed in support of the
appellants is denied.

BACKGROUND[2]

The Beslows, *pro se*, jointly petitioned the trial court to grant Shamila a step-parent adoption of Vernon's child.[3]  Vernon had sole legal and physical custody of the child, and Yassha Jason, the mother, had visitation rights.  The Beslows later obtained counsel and amended their petition.

In a pretrial scheduling order, the trial court required the parties to exchange exhibits at least 15 days before trial, except for rebuttal and impeachment evidence, or unless the admission would not surprise or prejudice the other party.  Fifteen days before trial, the Beslows submitted their witness and exhibit lists.  When Jason submitted neither list, the Beslows moved to prevent Jason from calling witnesses or admitting any evidence at trial.  The trial court did not rule on the motion.

Three days before trial, Jason notified the trial court of a conflict of interest with the Beslows' counsel, who previously represented Jason in an earlier custody matter.  Counsel for the Beslows withdrew on the day of trial, and all parties proceeded *pro se*.  The child's guardian ad litem also participated and presented evidence.

At trial, both parties testified to their fitness as parents and the interests of the child.  On direct examination, the Beslows asked Jason about her relationship with the child.  The Beslows objected when Jason testified that the child said the Beslows would not let her talk to Jason anymore.  The trial court overruled the objection because Jason was answering the Beslows'

---

[2] "Under settled principles, we view the evidence in the light most favorable to the prevailing party in the trial court, granting to that party the benefit of any reasonable inferences." *Wright v. Wright*, 61 Va. App. 432, 442 n.2 (2013).

[3] The record here was sealed.  "To the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed." *Pilenza v. Nelson Cnty. Dep't of Soc. Servs.*, 71 Va. App. 650, 652 n.2 (2020) (quoting *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017)).

question, then prohibited the Beslows from making objections as non-attorneys. Jason then explained that she was opposed to the petition for adoption, alleging Shamila was abusive. The Beslows again objected to Jason's testimony as hearsay. The trial court overruled the objection, and reminded the Beslows, "I told you a little while ago that because you're not counsel you're not able to object to evidence." Jason later introduced into evidence pictures of herself and the child, a call log showing calls she made to Vernon's cell phone for her weekly telephone visitation, whether the calls were answered or missed, and text messages the child sent her.

The guardian ad litem noted that the child had been successful at school and enjoyed living with the Beslows. The Beslows enrolled the child in multiple activities and tried to help the child regulate her emotions, which were complicated by ADHD and the presentation of autism. Shamila volunteered at the child's school, helped with a field trip, and ensured that the child attended appointments, practices, and school.

The trial court found that Jason had not abandoned the seven-year-old child and consistently sought custody, and there was no evidence that she could not care for the child financially or otherwise. It further found that the Beslows attempted to limit Jason's visitation with the child, but that they provided a suitable home for the child, and the adoption would not affect physical custody. Based on those findings, the trial court ruled that Jason's withholding of her consent to the adoption was not contrary to the best interests of the child, and denied the petition for adoption. The Beslows appeal.

ANALYSIS

"A lower court's interpretation of the Rules of [the Supreme] Court, like its interpretation of a statute, presents a question of law that we review de novo." *Amin v. Cnty. of Henrico*, 286 Va. 231, 235 (2013) (quoting *LaCava v. Commonwealth*, 283 Va. 465, 469-70 (2012)).

Virginia Supreme Court Rule Part 6, Section I generally prohibits non-lawyers from practicing law, but it provides exceptions. For example, a party may "proceed *pro se* by providing his or her own representation in any matter, whether or not the person is a lawyer." Va. Sup. Ct. R. Part 6, § I, cmt. G. A party's right to proceed *pro se* does not violate the rule against the unauthorized practice of law, and the right extends to "in-court representation." *Id.*

"The right of a party to appear in his own behalf and be heard in the courts is fundamental." *Bryce v. Gillespie*, 160 Va. 137, 144 (1933). Of course, the same standards apply to both represented and *pro se* parties. *Hammer v. Commonwealth*, 74 Va. App. 225, 236 (2022). A party "who represents himself is no less bound by the rules of procedure and substantive law than a [party] represented by counsel." *Id.* (quoting *Townes v. Commonwealth*, 234 Va. 307, 319 (1987)). While a party is entitled to represent herself, "the 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" *Townes*, 234 Va. at 319 (quoting *Faretta v. California*, 422 U.S. 806, 834-35 n.46 (1975)).

Indeed, the Code of Virginia and the Rules of the Supreme Court also impose the same requirements on both licensed attorneys and *pro se* litigants. For example, they require *pro se* litigants to comply with procedural requirements when: filing pleadings and making oral motions, Code § 8.01-271.1(A)-(C); recording judgments, Code § 8.01-449(E); submitting land records, Code § 17.1-294(B)(3); keeping confidential information, Code § 20-121.03; making and responding to discovery requests, Rule 4:1(g); and issuing subpoenas duces tecum, Rule 4:9A(a)(1). Further still, Rule 1:5(b) defines "[c]ounsel of record," a term used throughout the Rules of the Supreme Court, as "a counsel or party who has signed a pleading in the case."

Implicit in the constraints on self-representation is what is explicit in Virginia Supreme Court Rule Part 6, Section I: a party is entitled to proceed *pro se*. Part of representation, including self-representation, is the ability to present and challenge evidence. *See Campbell v. Campbell*, 49

Va. App. 498, 505-06 (2007) (holding the circuit court's denial of a *pro se* litigant's right to cross-examination in a divorce proceeding was an abuse of discretion). A court cannot arbitrarily limit a party's ability to challenge evidence based solely on *pro se* status. *Id.*

After the Beslows' attorney withdrew shortly before trial, the Beslows appeared *pro se*, but the trial court's denial of their ability to object based on their self-representation deprived them of the full ability to challenge evidence. The Beslows twice objected to hearsay testimony during their cross-examination of Jason, and each time, the court admonished them that only attorneys were entitled to object. After that, Jason introduced evidence not previously disclosed during discovery, but the Beslows could not object. By prohibiting objections because of their *pro se* status and limiting their ability to challenge evidence, the trial court denied the Beslows the full extent of self-representation.

Because *pro se* litigants can act as counsel in presenting their cases, the trial court erred by prohibiting the Beslows from objecting to evidence at trial. *See id.* Still, we must consider whether that error was harmless. *Moore v. Joe*, 76 Va. App. 509, 517 (2023). "When it plainly appears from the record and the evidence . . . that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed." *Moore*, 76 Va. App. at 516-17 (alteration in original) (quoting Code § 8.01-678). For a trial error, "[u]nder the non-constitutional standard, an error is harmless if an appellate court 'can conclude that the error . . . had but slight effect.'" *Orndoff v. Commonwealth*, ___ Va. ___, ___ (Sept. 25, 2025) (quoting *Welsh v. Commonwealth*, 304 Va. 118, 140 (2025)).

We cannot do so here. The Beslows objected twice before the trial court reminded them they were not to object. They did not do so again, deprived of the full extent of self-representation. This Court has been reluctant to label an error of this kind as a constitutional "structural error." *Campbell*, 49 Va. App. at 505. Nonetheless, deprivation of a *pro se* litigant's right to challenge

testimony at trial is a "defect affecting the framework within which the trial proceeds." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).  Even if that deprivation is not a constitutional error, "[e]rror of this magnitude is never harmless." *Campbell*, 49 Va. App. at 505.  So too here.

On remand, the ultimate result of the Beslows' petition may be the same, but the framework in which this hearing proceeded was one that deprived the Beslows of the full ability to challenge evidence.  That prohibition cannot be said to have had but "slight effect" on their self-representation. *Orndoff*, ___ Va. at ___.  Thus, despite what may be the non-constitutional nature of the trial court's error, given its pervasive effect on the trial, we cannot say the trial court's prohibition of the Beslows' objections was harmless. *Campbell*, 49 Va. App. at 505.

## CONCLUSION

For the foregoing reasons, we hold the trial court erred in prohibiting the Beslows from objecting to evidence at trial, and that error was not harmless.  Therefore, we reverse the ruling of the trial court and remand for proceedings consistent with this opinion.

*Reversed and remanded.*